UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE M. SMITH,

    Plaintiff,

v.

Case No. 4:18-cv-10188
Honorable Linda V. Parker
Magistrate Judge Patricia T. Morris

B. GILBERT, *et al.*,

    Defendants.

_____/

## **OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff, Dwayne M. Smith, a state inmate, filed a pro se civil rights complaint under 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis*. This matter is before the Court for a screen of the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, Plaintiff's complaint is dismissed without prejudice.

## I.    Background

Plaintiff names as Defendants (1) the Clinton Township Police Department ("CTPD"), (2) CTPD Detective B. Gilbert, (3) the Oakland County Sheriff, (4) the Waterford Police Department ("WPD"), (5) WPD Detective Larry Novak, and (6) an unknown administrative officer of the Oakland County Circuit Court. The facts

in his complaint all relate to two separate armed robberies: one in Clinton Township and one in Waterford Township. The facts in Plaintiff's complaint will be accepted as true for the purposes of this § 1915(e)(2) screen.

On December 31, 2015, Plaintiff, along with three other people, was arrested as a suspect in the robbery of a Family Dollar in Clinton Township. The CTPD recovered five cell phones from one of the suspect's vehicles. In addition, the CTPD confiscated Plaintiff's property of $752 in cash, two watches, and a necklace. Plaintiff alleges that on January 8, 2016, Detective Novak obtained Plaintiff's phone records without a warrant, by submitting false and misleading information in an application pursuant to 18 U.S.C. § 2703(d). Detective Gilbert contacted CTPD on January 6, 2016 informing them they arrested four individuals in a robbery and indicated that a suspect from the Clinton Township Robbery was the same as in an earlier Waterford Township robbery. Plaintiff was identified as the suspect. Detective Gilbert also provided Detective Novak with two cell phone numbers.

On January 11, 2016, when Plaintiff was in the Oakland County Jail on a probation violation, Detective Novak stated that he received a call from Oakland County indicating that Plaintiff refused to participate in a corporeal lineup. Plaintiff denies this allegation and asserts that either Detective Novak lied about his refusal to appear in-person or the Oakland County Jail failed to notify him of

2

the lineup.  Plaintiff asserts that Detective Novak manipulated the evidence to arrest him for robbery.

At some point, CTPD dropped all of the charges against Plaintiff, but failed to return his property.  Instead, a representative of the CTPD indicated that the property would be kept until a separate Oakland County case was resolved. Plaintiff contends that Detectives Gilbert and Novak conspired to forward the confiscated property to Oakland County for restitution in  a separate matter. Plaintiff was not afforded a hearing to determine ownership of the property.

Plaintiff brings four claims: 1) his Fourth and Fourteenth Amendment rights were violated when Defendants unlawfully searched and seized his property; 2) he was permanently deprived of his property without a hearing in violation of Due Process; 3) Defendants deprived him of notice of an impartial lineup and right to counsel; and 4) the unverified waiver of his right to a corporeal lineup violated his constitutional rights.  Plaintiff asks the Court to order a new trial, award damages in the amount of one million dollars, and to return the confiscated property.  He also seeks declaratory relief, in the form of a Court order declaring that Defendants violated the constitution by failing to implement a procedure to verify waiver of a corporeal lineup, that his property was unlawfully searched and seized, and that the information collected from his phone records was unlawfully seized.

## II. Standard

Congress enacted 28 U.S.C. § 1915 seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which requires *sua sponte* dismissal of an action upon the court's determination that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. As a result, "[d]istrict courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is *pro se*, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standard of review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Rule 8(a) requires that a complaint set forth "a short and plain

4

statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2) & (3). While this pleading standard does not require "detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Put another way, Plaintiff must, at a minimum, make sufficient allegations to give defendants fair notice of the claims against them.

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325. "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. Analysis

To establish a viable claim under § 1983, a plaintiff must allege that he or she was deprived of a right "'secured by the Constitution and the laws of the United States' by one acting under color of law." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)). In addition, a plaintiff must make a showing that he or she suffered a specific injury as a result of the conduct of a particular defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Plaintiff's complaint fails to state a § 1983 claim.

### A. Claims 1 and 2: Deprivation of Plaintiff's Property

An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Bass v. Robinson*, 167 F.3d 1041, 1049 (6th Cir. 1999). A plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). "State tort remedies generally satisfy the post-deprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Where a plaintiff in a § 1983 action

6

fails to demonstrate the inadequacy of his or her state remedies, the case should be dismissed. *See Bass,* 167 F.3d at 1050.

Plaintiff does not allege that Michigan's remedies to obtain compensation for the loss of his property are inadequate. Michigan has several post-deprivation remedies, including M.C.R. 3.105, which allows for an action for claim and delivery of the property, Mich. Comp. Laws § 600.2920, which provides a civil action to recover possession of or damages for goods and chattels unlawfully detained, and Mich. Comp. Laws § 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials. *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995). Plaintiff has failed to plead and prove that state remedies are inadequate to redress his property deprivation. Therefore, he has no right to relief and claims 1 and 2 are dismissed without prejudice.

### B. Claims 3 and 4: Fourth Amendment Allegations

Plaintiff's claims related to the alleged unlawful search of his phone and inconsistencies related to the lineup are not cognizable under § 1983 unless his conviction is overturned or invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To be sure, *Heck* does not completely bar Fourth Amendment claims. However, to recover compensatory damages based on allegedly unreasonable searches, a § 1983 plaintiff must prove not only that the search or

seizure was unlawful, but that it caused him or her actual, compensable injury, not including the injury of being convicted and imprisoned, until his or her conviction has been overturned.  *Id.* at 487, n. 7.

Here, Plaintiff does not set forth any injury to him from the alleged illegal search of his phone and lack of a corporeal lineup, beyond his conviction and incarceration.  Where the "search [of plaintiff] yielded the [evidence] which became the subject of a criminal charge of which [plaintiff] was convicted," a finding that the search or lineup procedure was unreasonable would "necessarily imply the invalidity of [the] conviction" and would therefore be barred under *Heck*. *Fox v. Michigan State Police Dep't.*, 173 F. App'x 372, 377-78 (6th Cir. 2006); *see also Poindexter v. Overton,* 110 F. App'x 646, 647 (6th Cir. 2004); *Pergram v. Shortridge,* 96 F. App'x 322 (6th Cir. 2004).

To the extent Plaintiff is seeking to have his criminal conviction vacated or set aside in this civil rights action, his complaint is subject to dismissal.  A plaintiff cannot seek injunctive relief relating to his or her criminal conviction in a § 1983 action.  *Nelson v. Campbell,* 541 U.S. 637, 643 (2004).  Instead, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence."  *Id.*

The Court will not, however, convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). The matter should instead be dismissed, leaving it to the plaintiff to decide whether to refile it as a petition for writ of habeas corpus. *Id.* Therefore, claims 3 and 4 are dismissed without prejudice pursuant to *Heck v. Humphrey*. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

## IV. Conclusion

In sum, claims 1 and 2 are dismissed without prejudice for failure to state a claim upon which relief can be granted. Claims 3 and 4 are dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 13, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 13, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager